**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREEM A. NESMITH, <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY CORRECTIONAL FACILITY, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-08156 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES

Kareem A. Nesmith, Plaintiff Pro Se
438 B Pfeiffer St.
Camden, NJ 08105

**SIMANDLE, District Judge:**

    1.   Plaintiff Kareem A. Nesmith seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**Claims Against CCCF: Dismissed With Prejudice**

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

2

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given

---

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

**Conditions Of Confinement Claims:**
**Dismissed Without Prejudice**

8. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule

4

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, Plaintiff complaint states in its entirety: "Despite my disability I succumbed to harsh living conditions. During my incarceration I was forced to sleep on the floor for months despite my back disability. I was stereotyped and judged by past faults and immediately forced to wear red jumpsuits. I was also denied my psych medication despite my documented disabilities." Complaint § III(C).

*13.* Plaintiff provided a copy of his inmate recidivism sheet which indicates he was detained in the CCCF on the following dates: January 10, 2014 to February 27, 2015; September 4, 2013 to September 17, 2013; September 1, 2010 to September 9, 2010; December 29, 2009 to December 30, 2009; September 8, 2009 to September 9, 2009; February 12, 2008 to February 13, 2008; May 17, 2005 to November 17, 2006; May 2, 2005 to May 3, 2005; August 10, 2004 to September 1, 2004; October 22, 2003 to December 11, 2003; September 21, 2003 to October 15, 2003 and November 25, 1999 to November 26, 1999. Exhibit to Complaint.

*14.* Plaintiff states that "because of these harsh conditions and lack of proper medication my back has gotten worse and I suffered from depression and insomnia. I am now required to take lamotrigine for depression and Seroquel for insomnia." *Id.* § IV.

*15.* With respect to requested relief, Plaintiff seeks "to be compensated for my pain and suffering." *Id.* § V.

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse

conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

  18. Moreover, to the extent the complaint seeks relief for conditions Plaintiff encountered during periods of confinement ending prior to November 2, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[4] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

---

[4] Plaintiff filed this complaint on November 2, 2016.

19. Plaintiff alleges the events giving rise to his claims occurred January 10, 2014 to February 27, 2015; September 4, 2013 to September 17, 2013; September 1, 2010 to September 9, 2010; December 29, 2009 to December 30, 2009; September 8, 2009 to September 9, 2009; February 12, 2008 to February 13, 2008; May 17, 2005 to November 17, 2006; May 2, 2005 to May 3, 2005; August 10, 2004 to September 1, 2004; October 22, 2003 to December 11, 2003; September 21, 2003 to October 15, 2003 and November 25, 1999 to November 26, 1999. Complaint § III. The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from all but his January 10, 2014 to February 27, 2015 detention expired before this complaint was filed in 2016. Plaintiff therefore cannot recover for any of the claims prior to that incarceration.[5]

---

[5] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

20. Additionally, Plaintiff contends he was denied "psych medication" (referred to hereinafter as "Medical Care Claim"). Complaint at 5 and § IV.

21. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

22. Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes

deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

23. Here, Plaintiff's non-specific assertions regarding "denied psych medication" (Complaint at 5 and § IV) is insufficient to meet this pleading standard. Plaintiff offers no facts to satisfy either of the two prongs required for his Medical Care Claim. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

24. First, the Complaint is silent with respect to facts relevant to establishing *Estelle*'s "serious condition" element, demonstrating that Plaintiff's health condition: "(1) has been diagnosed by a physician as requiring treatment"; (2) "was so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) was a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 272-73. The Complaint omits facts required to demonstrate "serious condition," such as: the nature, symptoms, and severity of Plaintiff's condition; Plaintiff's medical history as to frequency, duration and treatment he has received; and health complications (if any) suffered by Plaintiff as a result of allegedly denied medical care. (The foregoing examples of facts demonstrating "serious condition"

are merely illustrative but not exhaustive or exclusive.) In short, Plaintiff does not allege what condition he was diagnosed with or what supposed suffering from this condition was so obvious that a lay person would recognize the necessity of medical care. Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment claim.

25.  Second, Plaintiff has not alleged any facts suggesting deliberate indifference by any defendant to satisfy *Estelle*'s subjective prong, under which Plaintiff must demonstrate that prison officials acted with "deliberate indifference to his serious medical need[s]." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582). For example, Plaintiff here sets forth no allegations as to whether any defendant deliberately ignored his need for medication or treatment without justification or with the intent to punish Plaintiff. *See*, *e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence"). Furthermore, the Complaint does not set forth any contentions that are necessary to describe how individual defendants were personally involved with and deliberately indifferent to Plaintiff's purportedly serious medical needs. Plaintiff's bare allegation that he was

"denied psych medication" (Complaint at 5) is insufficient, without more, to establish "deliberate indifference" for a Fourteenth Amendment claim under *Estelle*. *See Parkell v. Markell*, 662 F. App'x 136, 142 (3d Cir. 2015) (plaintiff "had no constitutionally protected liberty interest in receiving a particular result through the prison grievance process").

26. Therefore, the Court finds that Plaintiff's Medical Care Claim has failed to state a cause of action under the Fourteenth Amendment. Such claim will be dismissed without prejudice and with leave to amend the Complaint, within 60 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim with respect to deliberate indifference to a serious medical condition. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and accompanying Order.

27. As discussed above, if Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after November 2, 2014.

28. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable

13

inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

29. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

30. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim, except that claims arising prior to November 2, 2014, are dismissed with prejudice.

31. An appropriate order follows.

**September 27, 2017**            **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   U.S. District Judge